WEST RIDGELAWN CEMETERY, PROSECUTOR, v. THE CITY OF CLIFTON, DEFENDANT.

Submitted October 11, 1929—Decided March 19, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Andrew Foulds, Jr.*

For the defendant, *Frederick S. Ranzenhofer.*

PER CURIAM.

A writ of *certiorari* was granted in this cause to review the assessment of taxes for the years 1922 and 1923 by the city of Clifton against the lands of the prosecutor. Application for this writ was made pursuant to chapter 202, laws of 1925, because of a pending suit in the Court of Chancery, to foreclose the right of redemption of the prosecutor.

Two tracts of land are involved: One of seventeen and one-half acres and one of sixty acres, such tracts being separated only by a road. Taxes thereon were paid from 1906 to 1921, inclusive. Taxes for the years 1922 and 1923 were not paid and the property was sold for non-payment of taxes.

No appeal was taken from the assessment of taxes for the years 1922 and 1923 (the years in question), or from any other assessment, until recently when an appeal was taken by the prosecutor to the state board from the assessments for the years 1925 and 1926.

At the time the assessments in question were made, there were no interments in the smaller tract and interments in the larger tracts ceased in 1913, after twelve burials had been made.

The prosecutor became possessed of the lands in question in January, 1907. In 1909, a map was prepared of a portion of the ground subdividing it into cemetery plots. In 1912, a sign was erected with the name of the cemetery. In 1913 a factional quarrel took place between the trustees, and they did not function. In 1916 a deed for all of the property of the prosecutor was executed and the property conveyed to Adam Frank, in whose name the title remained until December 16th, 1924.

During the entire time that the prosecutor or Adam Frank, its successor in title, held the property, taxes were paid on these properties to the city of Clifton, thereby giving indication that the owners did not claim exemption. As we read this record, the situation as it existed when the assessments in question were made, and for some years prior thereto, presented no *plain* indication that the property was then *being actually used* as a cemetery, or that such purpose was within reasonable contemplation, and certainly the only possible inference was that at such time the prosecutor had no purpose to claim an exemption of the land in question from taxation upon the theory that it was *owned and used for cemetery purposes* which is made the test by *Fairview Heights Cemetery Co.* v. *Fay,* 90 *N. J. L.* 427; *affirmed,* 91 *Id.* 687. Now, in view of the rule stated in *Rosedale Cemetery Association* v. *Linden Township,* 73 *Id.* 421, that "all exemptions from general taxation are to be considered strictly, the resolution in case of doubt being in favor of the rule which subjects all property to a just share of the public burdens," we are of the opinion that the exemption here claimed is not made out.

The writ will be dismissed, with costs.